That would be United States versus Brunson. Good morning, Your Honor. Mr. Salzberg. They're still clearing the table behind you. I'm trying to keep to the schedule, Your Honor. You don't want to blow your opponent away before they sit down. Well, actually, we're not familiar. I think we're at the wrong table. We're used to being in the opposite position. Your Honor, if I may, I reserve three minutes for rebuttal. Your Honor, this is a very unusual case. The government is here really to ask for help. It's unpleasant in my experience that the government is compelled to ask that this matter be reassigned to a different district judge and that some of the errors that have been committed in this proceeding be corrected by this court. But there was a little more showing of bias on the part of the judge here. You're dissatisfied with the substantive decisions, isn't it? And I guess you could say procedural, too. Well, we're dissatisfied with the substantive decisions and the manner in which they've been made. We believe that the court has summarily ruled on a number of issues, sometimes without apparent consideration of the papers that were filed, all seemingly with a goal of truncating the proceedings and shortening what should be a trial of seven separate offenses that were charged. Now, on the Mandamus, I gather that both you and your opponent agree that the written essence should be granted. The Wexler case supports that. Yes, that's my understanding. The writ of Mandamus goes to, really, the lack of jury instructions in the last trial. And the parties are in agreement that that was inappropriate and that this court should issue a writ directing the court to instruct on all the elements of defense in whatever trials are... If the writ of Mandamus is granted in a situation like that, is that likely to create problems in the district court? In what sense, Your Honor? In the sense that the district judge is unhappy being ordered by us to do something? Or is that... Well, I didn't consider that. I mean, that's the district judge's job is to follow the orders of this court. Well, we always hope so. Right. Well, and that is what happens. She says it's our obligation to follow the orders of this court and of the district court. Actually, the judge said he's going to continue doing what he was doing. He did say that. So that he is going to continue not charging the jury with respect to all the elements of the offense, but only those that are in dispute. Correct. Now, that can't possibly be the law. It is not the law, Your Honor. It's a fundamental error. But he said he's going to continue doing it. He did say that, and that's one of the reasons we're here, and it's one of the reasons we say this is an exceptional case and we're having trouble. So if we should grant the writ of Mandamus, is it your position that that should be considered in connection with the request to reassign the case? Yes. We would ask that this court consider our request to reassign the case in conjunction with all of the issues we presented. What would be the basis for it? I should see your irony. I should read too. No, I know. We can think of it that simple. What is the legal basis for it? The legal basis is that. Your request is that we ask the chief district court judge to reassign this case to another judge. Yes, Your Honor. And we base that on the precedent of this court. There are a number of decisions, wet being the most recent, in which this court has said it has the supervisory authority in the interest of justice to reassign a case where it's appropriate. It's happened in this court's precedent, at least in the published precedent, probably five to ten times. It's obviously a very unusual thing, but there's ample precedent supporting this court's authority, and that's the basis of it. Let me ask you. These cases were tried with two defendants. What about the other defendants? The other defendant was not charged, Your Honor. At the time that this case was originally indicted, the government believed, and this is stated on the record, so I'm not just speaking what I know. The government has stated that it believed it knew who the second person was but didn't have sufficient evidence at the time the case was indicted. Subsequently, that person who we believed was the second robber was convicted in another case and sentenced to 35 years in prison. The government was content with that, and that's why we stand where we are. Has this defendant filed a notice of appeal yet? Not to my knowledge. I can check. If I find out that's incorrect, I will let the court know, but I don't believe that person has appeal. And that would be in the Vincent Service Center case? No, actually, we're talking about the second uncharged robber. It was a completely different robbery from the seven that are at issue here, but he was convicted of that before Judge Belzow. Is there anything wrong with his decision to have separate trials other than efficiency? Oh, definitely. That's really the root of the problems here. We made the judgment that this all happened without notice to anyone on the day the trial was supposed to begin with all the victims lined up ready to testify. Did the government feel that there was prejudice in giving you 10 minutes to decide which case you're going to try? Absolutely. Everything about this is extraordinary. Well, you're in the case, actually. But the problem, Your Honor, is that there's going to come a time if we keep trying these cases one by one that we're not going to be able to go forward on all seven. There's an overwhelming body of evidence that shows that this gentleman committed all seven of these robberies. But if you start pulling out the evidence that shows the pattern and that shows the identity repeated from time to time, there comes a time when the evidence regarding an individual robbery is not as strong as it was regarding, obviously, the first two or three or four. I can't disagree with you. I think as a practical matter and as a matter of efficiency, I would try all seven or eight cases at the same time. They're all charged in the same indictment. Right. Now, what was wrong with the judge in this case saying, let's do one at a time? Well, what was wrong is that we have this body of evidence that clearly relates to each of the robberies, and thus the evidence, and this is really the basis of our appeal in this case, the evidence should be admissible with regard to each of the robberies. That defeats severance right there. There's no point anymore to sever the case. So the problem was really he excluded evidence that might have been used in subsequent trials. Exactly. Even if he had to do one at a time. Exactly. And therefore, there's no interest favoring severance while we have the normal preference that disfavors severance. Now, when the severance was ordered on the spur of the moment, we, of course, debated in our offices can we appeal because it's such a fundamental part of the case. The answer is no. All we could do at that point was petition for mandamus, and that we know is extraordinary. We read this court's decisions as well as anyone else, and we determined we couldn't do it. We have to make the best of it, and we would start going one by one. But then things continue to go off the rails. Evidence is excluded. The defense made really a false argument to the jury at the second trial. Well, this is status right up to the minute. Do you have more trial dates planned? We don't. Well, it's been stated. There was a third trial date scheduled in October. We filed our motion and our notice later on. Okay. I thought I was giving you some answers in my questions, but what I'm trying to get at is if you were to go back, the rulings that have already been made stand with respect to charging the jury but also with respect to excluding evidence in subsequent trials. Exactly. So that's where I gather you contend the government is prejudiced. Yes, Your Honor. And so we specifically asked for two things in this appeal. Besides reassignment of the case, one we've already talked about, which is a direction as to how to instruct the jury. That's a mandamus issue. But we have an appeal under Section 3731 of the denial of our most recent motion to admit evidence. Now, hypothetically, if we were to grant your mandamus and request reassignment of the case, why don't we leave it up to the new judge to address these evidentiary issues? The court could certainly do that. And one of the things we would do, to be fully honest with the court, is if the court did reassign the case, the first thing we would do is move to reconsider the severance, which, as Your Honor says, is inextricably intertwined with the evidentiary issues here. We would appreciate, obviously, a favorable statement from this court if the court's inclined as to the relevance of this evidence and the reason that robbery cases like this are charged and tried the way we all know they're charged. But, yes, I think the court can leave it up to the newly assigned judge. We just need to get this case back on track, and the government just wants the right to be able to give its evidence to a jury and prove, beyond a reasonable doubt, that this gentleman committed these seven robberies. One last point I'll make. A real fundamental thing here is the gun, and that's the evidence that is so strong here that we're losing. You have two robbers, identical descriptions, using two guns, identically described. One of them is the silver gun that is recovered from this man, Mr. Brunson, after the last robbery. Well, in the first robbery, which we haven't tried yet, this is not, you know, as we pick our cases, we haven't gotten to that one yet. In the first one, which was the Primo-Kinsell robbery, a victim was shot in that, and the police recovered shell casings that matched the gun. So this is a case in which we know the very same gun that is present at the first robbery is present at the seventh robbery, when it's recovered from Mr. Brunson. This is compelling evidence by any measure, and this is the evidence that we're not being allowed to produce to show a jury that these two gentlemen were committing these crimes with the same guns over and over again. This is wrong. At one point, we're going to approach a miscarriage of justice here where we're not going to be able to prove all the robberies that were committed. So approaching, however, we defer to this court's wisdom on how to approach this, and so the severance problem is an intervention problem. It's a problem, and the way the judge has handled this, and he's done it without giving any explanation of his rulings and done it in a very summary fashion. Thank you, Mr. Salisbury. Thank you, Mr. Salisbury. Mr. Jarvis? You were trial counsel? Yes, trial counsel on this second trial. Okay. Vincent's auto robbery. Have you appealed that conviction? He has not, in fact, been sentenced on a case, Your Honor, and as I sat there listening to Mrs. Osmer, it occurred to me that in the request for mandamus, although in the brief they kind of conceded that error occurred in the case that I was involved in that trial, they didn't suggest that this court should take up the issue of granting a new trial. The error had to do with the jury instruction? The jury instruction, yes. Well, I'm sure you agree, because you appealed it, so you agree, and you were present when the trial judge said, in the next case, whichever is presented, I'm going to make the same jury instruction. I am not going to instruct with respect to the elements of the offense unless it's in dispute. Is that accurate? I was present, and it is a part of the record, and it's indefensible. It's indefensible? It's not a situation where I can say, well, this is what he meant. Well, I thought it was rather bizarre. But if this case goes back, the same thing is going to happen. No. He said, he said, I'm going to be the same. Respectfully, Your Honor, I think that he felt that it was a matter that was within his discretion. That's why he decided to sever the counts in the first instance. The government is correct. There was no severance motion filed by the trial counsel. We're talking about the jury instruction, not the severance issue. Is there any reason to believe that he would instruct the next jury differently? I would like to believe that he would follow the directive of this court regarding that matter. And with respect to him saying that he would do it the same way, I'm sure he didn't think that this court would get involved and have to remind him that these instructions on these elements are, in fact, a law, and it must occur. The government feels that because they've filed these Hobb-Leck robberies in the past, that they are entitled to have them tried together in every instance. And just from, you know, much to my surprise, I was actually pleased because he actually believed that it would be unfair. The cumulative effect of offenses that were charged but not proven would be very prejudicial against my client. The fact that the government can stand here and say, well, it's the identical gun that was used in each and every robbery, well, that's not necessarily true. You know, the FBI did not get involved. The federal government wasn't involved in these cases. I think you're right. It may not be necessarily true until a jury makes that decision. I think what the government is saying, we want the opportunity to be able to show that. And they did make a preliminary showing that the same gun was used in a stream of robberies. Again, not to say that it was, but what they want to do is to be able to show it before the jury. I understand. They weren't given that chance. Well, I understand, Your Honor, but, you know, at this point, we just have to deal with accepting the record as it is. And it's true that Jeff Fulham did not provide an opinion around the law, outlining his thought process and citing cases, you know, to support his position. What is your view, Mr. Jarvis, that it's okay to send the case back to him? Your Honor, I've been in front of Jeff Fulham many times, and he gives it to the defense counsel as hard as he gives it to the government. I think he provides opportunity to be fair. He did make a ruling during the trial which prohibited me from making a certain argument. It let the government witness open the door with respect to the argument and with respect to evidence that was found in my client's apartment during the execution of a search warrant involving a holster and some ammunition. And after that evidence came in, we just determined that that was it. There was an inference that the gun that the government accused him of using was, in fact, connected with that evidence. And I argue that since no one was found, we found it. You know, there's some doubt, in fact, that it was. But as you actually pointed out, we lost the case before that jury. My client was convicted. You know, I don't think that, you know, I don't think it's appropriate for me to stand here and say that he made the bail in all the other cases. He may not. But certainly, he's entitled to a fair trial. That's my concern, whether it's before the same judge or any other judge. So if it goes to another judge, your position would be let that judge make the decision as to whether to sever without any type of direction from us? I think it's very difficult for this court to direct the chief judge to assign the case to a judge and then handcuff that judge in any type of way. It is a matter of discretion. Just for an exercise, it's discretion. That's probably a practical way of doing it. You're probably right, because arguments can be made to the judge who's going to handle the trial and may have a better feeling for which way it's going to go. Yes, Your Honor. But I'm just thinking on that. Mr. Jarvis, anything else? No, nothing else. Nothing else. The matter's been fully briefed. And, you know, it's tough for me to take a position one way or the other. But I do appreciate the opportunity to appear and address the court. And we appreciate you being here. Thank you. Thank you, Mr. Jarvis. Mr. Salzman, thank you very much. Thank you, Your Honor. Arguments are represented. We'll take the case under revising. Mr. Salzman, did you want rebuttal? If the court doesn't need it, I don't need it.